## No. 347

EAST BAY CLUB v. MILLER et

Ohio Appeals, 6th Dist., Erie Co.

No. 231. Decided April 21, 1927

**1261. WATER & WATERCOURSES**—Waters of Sandusky Bay, which is part of Lake Erie, flowing in and through marsh land of a sporting club, may be used for navigation and fishing purposes by the general public, and no injunction will lie to restrain such use of these natural waterways and channels.

First Publication of this Opinion

LLOYD, J.

The East Bay Sporting Club of Erie County instituted an action in the Erie Common Pleas against A. F. Miller and Charles Schwank to perpetually enjoin them fro entering certain marsh lands belonging to said club, said marsh consisting of dry land, dry marsh, wet marsh, ponds, channels, cuts, etc. Some of the streams are natural water courses and others have been created by dredging; but all of the water therein except such as is drainage from adjoining lands, comes from Sandusky Bay.

It was claimed by the Club that the defendants entered from Sandusky Bay into one of the streams and fished upon the premises of plaintiff and that defendants claim the right to enter upon plaintiff's property to trespass and fish thereon at their pleasure. It was to prevent defendants from thus acting and to have plaintiff's title to the property quieted against each of them that the action was brought.

Defendants contend that the waters upon which they were fishing were a part of Sandusky Bay and they, in common with the public, have a right to go there for that purpose as upon any of the waters which run through and are within the marsh lands of the plaintiff. On appeal, the Court of Appeals held:

1. The waters in the stream upon which defendants fished are waters of Sandusky Bay, rise and fall therewith and vary in depth from time to time as the level of that bay and Lake Erie, of which it is a part, is affected by wind or other causes.

2. It was claimed by the plaintiff that the original grantees of the land were those to

whom same had been granted by reason of losses suffered in the Revolutionary War, and that the grantees, in order to settle the line between their grant and land subsequently granted to the Connecticut Land Co. agreed that what is now the west side of Huron Township, should be adopted as the eastern boundary of Sandusky Bay.

3. All of the marsh lands in question lie easterly of this boundary line, and it is contended that the marsh lands and waterways therein are thereby divorced from and ceased to be a part of Sandusky Bay.

4. What constitutes Sandusky Bay is a question of fact and law, not of agreement between owners of adjacent lands.

5. The evidence presented shows that the waterways within these marsh lands are part of Sandusky Bay, and that defendants, and the public generally are entitled to use them for navigation and fishing purposes. 96 OS. 139.

6. The title of plaintiff to land in question is quieted as against defendants, subject to the right of defendants and the public to use the natural waters therein.

Decree accordingly.

(Richards & Williams, JJ., concur.)

Attorneys—J. F. Hertlein and H. L. Peeke, Sandusky, and True, Crawford & True, Port Clinton, for Club; J. F. McCrystal, Sandusky, for Miller, et.